STUART *versus* McDOUGALD *& al.*

The liability of a surety on the bail bond, is an interest which precludes him from testifying as a witness for the defendant.

That interest may be discharged by a deposit with the clerk, for the benefit of the witness, if the judgment should be against the defendant.

Such deposit may be effectually made by *any person,* of his own money.

When such deposit is made by a third person, of his own money, for the benefit, contingently, of the witness, the plaintiff, even after judgment in his favor, has no rights in the money.

The Court, therefore, cannot order it to be applied in payment of the judgment.

ON EXCEPTIONS from *Nisi Prius,* APPLETON, J., presiding.

TROVER. — The defendants offered one Stickney as a witness. He was, however, a surety on the bail bond, given by the defendants in this action, and was, for that reason, objected to.

D. Tyler, the defendants' attorney, by leave of Court, deposited $100, of *his own money,* with the clerk, "for the benefit of the witness, in case of his liability on the bond." The judgment was for the plaintiff. The docket entry was, "$100 deposited to relieve interest of Stickney."

The plaintiff then moved for leave to take the $100 from the custody of the clerk, to be applied to the satisfaction of the judgment. Tyler, the attorney, resisted the motion, but the Judge ordered the money to be applied to the satisfaction of the judgment. To that order Tyler excepted.

*J. Granger,* in support of the exception.

*Chase* and *Whidden, contra.*

The docket entry must alone control. The statement, contained in the exception, that the money belonged to Tyler, is

therefore of no effect. The deposit was "to relieve the interest of Stickney." Why? How? — It was to stand subject to the payment of the debt and cost, if the plaintiff should recover. The plaintiff did recover, and the Judge's order rightfully appropriated the deposit to that payment.

If Tyler could have withdrawn the money, Stickney's liability would remain unrelieved. If it could not be appropriated upon the judgment, it was of no benefit to the plaintiff. But who can doubt that the object of the deposit was to put us in a better position. *Roberts* v. *Adams*, 9 Greenl. 9.

SHEPLEY, C. J. — Their surety on a bail bond being offered as a witness for the defendants, their attorney, to obviate that objection, "deposited with the clerk, as his own money, for the benefit of the witness, in case he should be liable on said bond, $100."

The plaintiff having recovered judgment, the Court on his motion ordered the sum so deposited "to be applied toward the satisfaction of the plaintiff's judgment."

The surety on the bail bond was not liable, except contingently and collaterally to pay that judgment. The money was not to become the property of that surety, unless he should be liable on his bond to pay the judgment. It was not deposited to pay that debt, but to render the witness competent, by securing to him the means wherewith to pay his bond without being subjected to any loss. The plaintiffs could not rightfully claim to have that money applied in payment of their debt, until they had shown, that they were entitled to maintain a suit against the surety on the bail bond.

The case of *Roberts* v. *Adams*, 9 Greenl. 9, differed much from this case. In that case the money was offered to be deposited by the plaintiff "for the use of the defendants" to discharge the interest of an indorser of a writ. It was the money of the party against whom a judgment for costs was recovered, and it was deposited to pay those costs.

In this case, the money was not deposited by the debtors,

or for their use, or for the use of the plaintiffs, or to pay their judgment.                    *Exceptions sustained,*
*and order rescinded.*

TENNEY, RICE and HATHAWAY, J. J., concurred.